# Richmond.

## LEVINE'S LOAN OFFICE, INC., AND ROSA LEVINE *v.* STARKE.

### September 18, 1924.

CERTIORARI—*Garnishment—Execution as Part of Record.*—A motion for a *writ of certiorari* was resisted upon the ground that the original execution sought to be brought up as a part of the record was not in fact a part of the record, and therefore not within the scope of the writ. The proceedings out of which the case arose rested upon a garnishee process issued under the execution in question. The plaintiff in error assigned as one of the errors upon which he relied that the court below had no jurisdiction to proceed against the garnishee, for the reason that among the agreed facts was a statement that the execution was issued at a date subsequent to the date upon which the clerk signed the garnishee process. The clerk certified in substance that the garnishee process was issued by him under an execution then outstanding.

*Held:* That the court should have before it the execution, which formed the basis of the proceedings, in order to pass upon the question of jurisdiction, and the writ was accordingly allowed.

On motion for a *writ of certiorari.*

*Certiorari allowed.*

*Jas. G. Martin & Bro.,* for the plaintiffs in error.

*L. S. Parson* and *John Vaughan Groner,* for the defendant in error.

PER CURIAM.

1. The motion for a *writ of certiorari,* made by the defendant in error, is resisted by the plaintiff in error upon the ground that the original execution sought to be brought up as a part of the record is not in fact a part of the record of this case in the trial court, and therefore is not within the scope of a writ of the character prayed for.

2. The proceedings, out of which the appeal in this case arose, rested upon a garnishee process issued under the execution in question, and the defendant in error contends that the execution is necessarily a part of the record.

3. The plaintiff in error assigns, as one of the errors upon which he relies, that the court below had no jurisdiction to proceed against the garnishee, for the reason that among the agreed facts is a statement that the execution was issued at a date subsequent to the date upon which the clerk signed the garnishee process.

4. The clerk, in attesting the garnishee process, certifies in substance that it was issued by him under an execution then outstanding.

Under these circumstances, the court is of opinion that it should have before it the execution, which formed the basis of the proceedings, in order, in any event, to properly pass upon the question of jurisdiction raised by the plaintiff in error, and that the ascertainment of the true rights of the parties will be forwarded by allowing the writ of *certiorari* as prayed for to be issued.

The writ of *certiorari* is accordingly allowed.

*Certiorari allowed.*